

PHILLIP A. TALBERT
United States Attorney
MICHELLE RODRIGUEZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER UNDER 18 § 2703(d) DIRECTING VERIZON WIRELESS, AT&T MOBILITY LLC, SPRINT/NEXTEL, T-MOBILE, AND METRO PCS TO DISCLOSE CELL TOWER INFORMATION | CASE NO. 2:17-SW-0255 EFB<br><br>APPLICATION |

  The United States of America, moving by and through its undersigned counsel, respectfully submits this <u>ex parte</u> application for an Order pursuant to 18 U.S.C. § 2703(d).  The proposed Order would require VERIZON WIRELESS, AT&T MOBILITY LLC, SPRINT/NEXTEL, T-MOBILE, and METRO PCS (the "Service Providers"), mobile-phone service providers, to disclose certain records and other information pertaining to the cellular phone towers described in Attachment A to this Application and to the proposed Order.

  In support of this application, the United States asserts the following.  The Service Providers are providers of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under Section 2703(d) to require the Service Providers to disclose the items described in Attachment A.  *See* 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction

over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i). A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought, are relevant and material to an ongoing criminal investigation". 18 U.S.C. § 2703(d).

The United States is investigating four separate acts of bank robbery, in violation of 18 U.S.C. §2113(a) which occurred on the following dates and approximate times:

1) Saturday, May 7, 2016, at 2:55 p.m. – Chase Bank, Elk Grove, Ca

2) Friday, December 30, 2016, at 9:36 a.m. – Chase Bank, Granite Bay, Ca

3) Friday, January 13, 2017, at 3:15 p.m.- Farmers and Merchants Bank, Elk Grove, Ca

4) Monday, March 20, 2017, at 3:25 p.m.- US Bank, Elk Grove, Ca

Based on information provided to me by the FBI, there is reason to believe that these bank robberies are connected. The United States has received information that the robberies were committed by the same individual and there are similarities in the manner and means in which each occurred. Based on the training and experience of the law enforcement personnel investigating the robberies and assisting in the investigations, the four bank robberies have similar Modus Operandi (M.O.) and suspect descriptors.

The United States has been provided information from law enforcement that the cellular telephone towers in 4 different locations (operating near each robbed bank) may have evidence relating to the identity of the robber and or accomplices to the indicated robberies. It is further believed that records currently in the possession of the Service Providers as more fully described in Attachment A are relevant and material to an ongoing criminal investigation including for the following reasons.

a) Given the similarities described above, it is believed that the Subject of the May 7, 2016 robbery of the Chase Bank in Elk Grove is the same unknown white male who was involved in the December 30, 2016 robbery of the Chase Bank in Granite Bay, the January 13, 2017 Farmers and Merchants Bank in Elk Grove, as well as the US Bank which was robbed on March 20, 2017 in Elk Grove. Consequently cell tower information from cell towers located near those banks are relevant and material to identifying the person, or persons, involved in those crimes.
b) Information from cell towers located near those four bank can be cross-referenced in order to identify or eliminate suspects in this federal investigation
c) It is also reasonable to believe that a given all the features of current mobile phones, and how frequently they are used for numerous purposes, that during the time period surrounding the bank robberies, the Subject may have utilized his mobile phone in a manner causing it to communicate with a Service Provider's cell tower.

    d) With the proliferation and availability of cellular telephones, it is likely that the subject could have communicated with someone while in the vicinity of the banks. Even if the subject did not communicate with an accomplice during the robbery, the cell tower log information may still show his telephone number if he was carrying a cellular telephone and received an incoming text message or call while in the vicinity of the bank. Based on law enforcement information provided to the United States, the United States is aware that bank robbers commonly utilize cellular telephone towers near robbed banks for purposes of checking, among other things, escape routes, law enforcement activity in the area, maps, location of police substations and offices, or traffic bulletins. Considering the prevalence of cellular telephone usage in our society and the length of time the Bandit would have been in the area conducting surveillance and gaining access to the bank, it is likely that the cell tower log information would still identify the Bandit's telephone.

    e) On March 2, 2017, the Honorable Allison Claire, United States Magistrate Judge, issued an order to Disclose Cell Tower Information (2:17-SW-0179 AC), which required the Service Providers to provide cell tower information related to the bank robberies on May 7, 2016; December 30, 2016 as well as January 13, 2017.

The United States has been provided additional information from law enforcement that many cellular service providers maintain antenna towers ("cell towers") that serve specific geographic areas. Each cell tower receives signals from wireless devices in its general vicinity. These cell towers allow the wireless devices to transmit or receive communications, such as phone calls, text messages, and other data. The tower closest to a wireless device does not necessarily serve every call made to or from that device. In addition to a unique telephone number, each cell phone is identified by one or more unique identifiers. Depending on the cellular network and the device, the unique identifiers for a cell phone could include an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI").

The United States has been provided information from law enforcement that cellular service providers routinely maintain historical cell-tower log information, including records identifying the wireless telephone calls and communications that used a particular tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device in the vicinity of the tower that made or received the communication ("the locally saved wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device), the date, time, and duration

of the communication; the "sectors" (i.e., the faces of the towers) that received a radio signal from the locally served device; and the type of communication transmitted through the tower (such as phone call or text message).

Since, on March 2, 2017, as described above, Magistrate Claire issued an order to Disclose Cell Tower Information (2:17-SW-0179 AC) for cell tower information related to the bank robberies on May 7, 2016, December 30, 2016, and January 13, 2017, this Application is for the latest bank robbery on March 20, 2017.  Based on the above facts, there is reason to believe that the records described in **Attachment A** would identify which wireless devices were in the vicinity of the following location (latest bank robbery), more fully described in Attachment A, on the following date and time:

> 9230 Elk Grove Florin Road, Elk Grove, on March 20, 2017, between
> the hours of 2:55 P.M. and 3:55 P.M. pacific time

As explained above, this information will assist law enforcement in determining which persons were present for all the four bank robberies, and in gathering evidence of the violation of 18 U.S.C.§2113(a).

Accordingly, the facts set forth herein demonstrate reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, this information will help the United States to identify and locate the individual, or individuals, who are responsible for the events described above, and to determine the nature and scope of their activities.  Wherefore, the United States requests that the Service Providers be directed to produce all items described in Attachment A hereto and to the proposed Order.

I declare under penalty of perjury that the forgoing is true and correct.

Dated:  April 6, 2017

PHILLIP A. TALBERT
United States Attorney

By: _____
MICHELLE RODRIGUEZ
Assistant United States Attorney

## ATTACHMENT A

I. **The Cell Towers**

| Cell Towers | Dates | PST Times (UTC) |
|---|---|---|
| The cell towers that provided cellular service to 9230 Elk Grove Florin Road, Elk Grove, California (38.422478, -121.371745) | 03/20/2017 | 14:55 – 15:55 PST (21:55 – 22:55 UTC) |

II. **Records and Other Information to Be Disclosed For** each cell tower described in Part I, the Service Providers named in the Order are required to disclose, and certify under Fed Rule Evid. 902(11), to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower during the corresponding timeframe(s) listed in Part I, including the records that identify:

a) The telephone call number and unique identifiers for each wireless device in the vicinity of the tower ("the locally served wireless device") that registered with the tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

b) The source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that called, or was called by, the locally served wireless device);

c) The date, time, and duration of each communication;

d) The "sectors" (i.e., the faces of the towers) that received a radio signal from each locally served wireless device; and

e) The type of communication transmitted through the tower (such as phone call or text message).

These records should include records about communications that were initiated before or terminated after the specified time period, as long as part of the communication occurred during the relevant time period.